UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JERMINE OLIVER,

        Petitioner,

                             Case No. 1:09-cv-903

v.

                             Hon. Robert J. Jonker

BLAINE C. LAFLER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner, Robert Jermine Oliver, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.        Background

        On December 21, 2006, following a jury trial, petitioner was convicted of second-degree murder, M.C.L. § 750.317, for which the court sentenced him as a third-offense habitual offender, M.C.L. § 769.11 to 270 to 420 months imprisonment. *People v. Oliver*, No. 276824, slip op. at p. 1 (Mich. App. Aug. 12, 2008); Trial Trans. (Dec. 21, 2006) at p. 81.

> Oliver's conviction arose out of an apparent attempt to collect a debt. Oliver brought the victim to his home in order to obtain payment. But when the victim failed to produce the money, Oliver called his girlfriend's sister and instructed her to assault the victim. The sister [Teal Dean] began slapping the victim's face but Oliver, dissatisfied with her efforts, took over the beating. Oliver punched and kicked or stomped the victim's head, rendering her unconscious. Oliver and an associate then drove the victim to a vacant apartment and left her outside on the porch late in the evening. The following day, the victim was found frozen in the snow. A forensic pathologist ruled that her death was a homicide resulting from multiple blunt force head trauma.

*Id.*

Petitioner, through counsel, appealed his convictions, raising the following issues in the Michigan Court of Appeals:

I.    Did the prosecutor fail to introduce sufficient evidence to support a conviction of second degree murder, in particular by failing to prove the intent element, and is [petitioner] entitled to a reversal of the conviction?

II.   Is the verdict against the great weight of the evidence and should the matter be remanded for a new trial?

III.  The trial court refused to give an instruction on the accident defense. Did the court deny [petitioner] his due process right to a properly instructed jury, his right to present a defense and his right to a fair trial and is [petitioner] entitled to a reversal of the conviction and a new trial?

Petitioner's Brief on Appeal (docket no. 29). The Court of Appeals affirmed his conviction. *People v. Oliver*, No. 276824.

Petitioner filed a *pro se* delayed application for leave to appeal to the Michigan Supreme Court raising the same three issues, which that court denied. *People v. Oliver*, No. 137396 (Mich. Nov. 25, 2008). Oliver subsequently filed the present habeas petition raising the same three issues.

## II.    Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981);

2

*Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A).  Here, petitioner has exhausted the issues raised in his amended petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and  demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*,  -- U.S. --, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks omitted).  "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.*  A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams* at 411.  Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.  *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).  The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record.  *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### III.    Discussion

**A.    Did the prosecutor fail to introduce sufficient evidence to support a conviction of second degree murder, in particular by failing to prove the intent element, and is [petitioner] entitled to a reversal of the conviction?**

Petitioner contends that the prosecution failed to introduce sufficient evidence that he intended to maim or kill the victim.  Petitioner's Memorandum (docket no. 1-6 at p. 7).  Petitioner intended to collect a drug debt and intended that the victim would recover from the beating; he did not intend for the victim to suffer severe injury or die.  *Id.*  The Michigan Court of Appeals addressed this issue as follows:

I.  Sufficiency Of The Evidence

A.  Standard of Review

Oliver argues that the evidence was insufficient to sustain his conviction.  We review this challenge de novo [FN3] to determine whether a reasonable juror could have found that the prosecutor proved the elements of the charged crime.  [FN4]

B. Legal Standards

The elements of second-degree murder are: "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." [FN5] Here, Oliver claims that the prosecutor failed to present evidence sufficient to establish that he acted with malice. The Michigan Supreme Court has defined malice in the context of second-degree murder as "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." [FN6]

C. Applying The Standards

The record contains ample evidence from which a reasonable juror could find that Oliver acted with intent to cause great bodily harm or with wanton and wilful disregard of the likelihood that the victim would die or sustain great bodily harm. Oliver instructed another person to assault the victim. Unsatisfied, Oliver then assaulted the victim with his fist and his feet. While the victim was unconscious, Oliver left her outside at night in freezing temperatures. From this evidence, a reasonable jury could conclude that defendant acted with the requisite intent for second-degree murder. [FN7]

Oliver maintains, however, that the evidence indicated he attempted to assist the victim by taking her to what he believed to be the apartment of a member of her family. Even if Oliver believed the victim could obtain aid at the apartment, the fact remains that he placed an unconscious woman outside in freezing temperatures without determining that she would either regain consciousness or that she would receive assistance from someone in the apartment. We conclude that this fact alone was sufficient to allow the jury to find that Oliver acted in wilful and wanton disregard for the "likelihood that the natural tendency of such behavior is to cause death or great bodily harm." [FN8]

> [FN3. *People v. Meshell*, 265 Mich.App. 616, 619, 696 N.W.2d 754 (2005).]
>
> [FN4. *People v. Nowack*, 462 Mich. 392, 399-400, 614 N.W.2d 78 (2000).]
>
> [FN5. *People v. Smith*, 478 Mich. 64, 70, 731 N.W.2d 411 (2007), citing *People v. Goecke*, 457 Mich. 442, 464, 579 N.W.2d 868 (1998).]
>
> [FN6. *Goecke*, *supra* at 464, 579 N.W.2d 868.]

[FN7.  *Nowack*, *supra* at 399-400, 614 N.W.2d 78.]

[FN8.  *Goecke*, *supra* at 464, 579 N.W.2d 868.]

*People v. Oliver*, No. 276824, slip op. at p. 2.

The Michigan Court of Appeals properly addressed this issue.  In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *Winship*, 397 U.S. at 364.  Sufficient evidence supports a conviction if  "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis added).  In evaluating a sufficiency of the evidence claim, the court views both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the factfinder's verdict.  *United States v. Rayburn*, 495 F.3d 328, 337-38 (6th Cir. 2007).  The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution.  *Wright v. West*, 505 U.S. 277, 296-97 (1992).

Based on the record in this case, the court concludes that the Michigan Court of Appeals properly found that petitioner's conviction was supported by sufficient evidence.  Petitioner contends that his actions did not demonstrate the "malice" required to establish second-degree murder.  Specifically, petitioner points out testimony that the victim was alive after the beating.

Petitioner's Memorandum (docket no. 1-6 at p. 2); Trial Trans. V at p. 176.[1]  In addition, Prentice

Smith (who was with petitioner at the time), testified that the victim was dropped off outside of

house that was believed to be that of a family member, and that Smith knocked on the door but did

not for a response.  Trial Trans. V at pp. 176-77;  Trial Trans. VI at pp. 48-49.  While this evidence

indicates that the victim did not die as an immediate result of the beating, and that petitioner made

a cursory effort to "drop her off" outside of a house (that might have belonged to a family member),

these actions hardly demonstrate a lack of malice under the circumstances.  The evidence at trial

reflected the brutal nature of petitioner's attack on the victim.  In this regard, Teal Dean testified that

after the victim had been "knocked out," petitioner jumped on her head with both of his feet, that

her head "bounced like a ball." after which the victim urinated on herself.  Trial Trans. V at pp. 77-

79.  The ferocity of the attack was evidenced by the victim's injuries, which included bruising of

brain tissue, hemorrhaging and edema. Trial Trans. III at pp. 28-37.  Despite inflicting these serious

injuries, petitioner simply left the victim in a snowbank.  Viewing the evidence in the light most

favorable to the prosecutor, the jury could conclude that even if petitioner did not act "with the intent

to kill," he certainly acted with "the intent to cause great bodily harm," or at a minimum, with "the

intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such

behavior is to cause death or great bodily harm."  *See Goecke*, 457 Mich. at 464.

       The state court's decision was neither contrary to, nor an unreasonable application

of, clearly established Federal law as determined by the Supreme Court; nor was the decision based

---

[1]The trial transcripts (which are not numbered) shall be identified as follows: Trial Trans. I (Dec. 11, 2006) (docket no. 19); Trial Trans. II (Dec. 12, 2006) (docket no. 21); Trial Trans. III (Dec. 14, 2006) (docket no. 22); Trial Trans. IV (Dec. 15, 2006) (docket no. 23); Trial Trans. V (Dec. 18, 2006) (docket no. 24); Trial Trans. VI (Dec. 19, 2006) (docket no. 25); and Trial Trans. VII (Dec. 21, 2006) (docket no. 26).

on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254

(d).  Petitioner is not entitled to relief on this claim.

### B.      Is the verdict against the great weight of the evidence and should the matter be remanded for a new trial?

Petitioner seeks habeas relief arising from the trial court's failure to grant his motion

for a new trial.  Petitioner's Memorandum (docket no. 1-6 at p. 8).  Pursuant to MCR 6.431,

Michigan's judges may grant a criminal defendant a new trial on the ground that the verdict was

against the great weight of the evidence.  MCR 6.431provides that "[o]n the defendant's motion, the

court may order a new trial on any ground that would support appellate reversal of the conviction

or because it believes that the verdict has resulted in a miscarriage of justice."  *See People v. Stiller*,

242 Mich.App 38, 49; 617 NW2d 697 (2000). A trial court's denial of a motion for a new trial is

reviewed under an "abuse of discretion" standard.  *Id*.  When a trial court denies a motion for new

trial, the appellate court may reverse this decision if the evidence preponderates so heavily against

the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v. Lemmon*,

456 Mich. 625, 627, 644; 576 N.W.2d 129 (1998); *People v. Gadomski*, 232 Mich.App 24, 28; 592

NW2d 75 (1998).

The  critical distinction between a reversal on the ground that the verdict was against

the great weight of the evidence, and a reversal for insufficient evidence, discussed in the preceding

section, lies in the effect of the respective reversals.  A trial judge's decision that a jury verdict is

against the weight of the evidence results in a new trial, <u>not</u> an acquittal.  *See* MCR 6.431; *Tibbs v.*

*Florida*, 457 U.S. 31, 32 (1982) (holding that a reversal based on the weight of the evidence, rather

than the sufficiency of the evidence, permits the state to initiate a new prosecution). "A reversal

based on the weight of the evidence . . . can occur only after the State has presented sufficient

8

evidence to support conviction and has persuaded the jury to convict.  The reversal simply affords the defendant a second opportunity to seek a favorable judgment." *Tibbs*, 457 U.S. at 42-43.   On the contrary, an appellate determination that the prosecution proffered insufficient evidence of guilt "is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial."  *Monge v. California*, 524 U.S. 721, 729 (1998).  *See Burks v. United States*, 437 U.S. 1, 5-18 (1978); *Greene v. Massey*, 437 U.S. 19, 24 (1978).

A state prisoner's claim that the jury verdict was against the great weight of the evidence is considered to be a state law claim not cognizable on federal habeas review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence"); *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004) (federal courts have "no power to grant habeas relief on a claim that a state conviction is against the great weight of the evidence"); *Crenshaw v. Renico*, 261 F.Supp.2d 826, 834 (E.D. Mich.2003).  Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.  Petitioner's claim that the trial court improperly denied him a new trial because the verdict was against the "great weight" of the evidence should be denied.

**C.    The trial court refused to give an instruction on the accident defense. Did the court deny [petitioner] his due process right to a properly instructed jury, his right to present a defense and his right to a fair trial and is [petitioner] entitled to a reversal of the conviction and a new trial?**

Petitioner contends that the trial court's failure to give jury instructions that the victim's death was an accident, which was a theory advanced by petitioner's counsel in closing argument.   Petitioner's Memorandum (docket no. 1-6 at pp. 11-14). The trial court rejected petitioner's request for accident instructions:

.   .   . [CJI2d] 7.3A, which is accident, is a defense to a specific intent crime. Second-degree murder is not a specific intent crime.  And so the defensive accidents [sic], as contained in 7.3A, doesn't apply.

With regard to [CJI2d] 7.1, the defensive accident does not apply in a murder charge.  In the instruction the use note says that it's designed for use where the Defendant alleges that the act itself is entirely accidental.  And if you read the contents of the instruction, it does seem to apply where the Defendant engages in some act.  But the act accidentally causes the death of the victim.

In this case, from the statement and argument of counsel, the position of the defense is that the Defendant did not do any act, any assault, against this victim.  And 7.1 does not apply to the facts or the theory of defense as put forth in this case.

Likewise, with [CJI2d] 7.2  .  .  .  it says the instruction may be used when requested or deemed helpful by the Court.  I don't think that's required in this case, because we're giving the instruction on inferring state of mind.  .  .  .

Trial Trans. VII at pp. 7-8.

The Michigan Court of Appeals addressed the trial court's ruling as follows:

IV. Jury Instructions
A. Standard Of Review

Oliver argues that the trial court erred in refusing to instruct the jury in accordance with CJI2d 7.1 and 7.2.  Because Oliver's argument presents a question of law, we review the trial court's ruling de novo. [FN13]

### B. Legal Standards

To prevail, Oliver must demonstrate not only that the trial court erred in refusing the proffered instructions, but also that the lack of those instructions "undermined the reliability of the verdict."  [FN14]

### C. Applying The Standards

We conclude that the CJI2d 7.1 was inapplicable to this case in that there was no involuntary act by Oliver related to the victim's death.  As for CJI2d 7.2, the evidence at trial rendered implausible any assertion that Oliver could have failed to realize multiple beatings and exposure to freezing temperatures could cause great bodily harm.  In any event, the instruction defining the requisite intent for a conviction was sufficient to apprise the jury that if they accepted Oliver's theory of the case, they must find him not guilty.

[FN13.  *People v. Dobek*, 274 Mich.App. 58, 82, 732 N.W.2d 546 (2007).]

[FN14.  *People v. Hawthorne*, 474 Mich. 174, 185, 713 N.W.2d 724 (2006).]

*People v. Oliver*, No. 276824, slip op. at pp. 3-4.

Again, federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *Estelle*, 502 U.S. at 68 (1991).  Habeas corpus relief is not warranted on the basis of an improper jury instruction simply because the instruction is undesirable, erroneous or universally condemned.  *Id.* at 72.  The instruction cannot be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.  *Id.*   The only question arising out of a federal habeas challenge to a state court's jury instruction is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Id*. (internal quotations omitted).  *See generally,  Mathews v. United States*, 485 U.S. 58, 63 (1988) ("[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor").

The Michigan Court of Appeals determined that the trial court properly denied petitioner's request for jury instructions of accident. Petitioner seeks to have this court overrule the determination of both the trial court and the Michigan Court of Appeals on an issue of state law. Petitioner's claim is not cognizable on federal habeas review because he has not shown that the state court's denial of his requested instruction violated the Constitution, laws, or treaties of the United States. The state courts are the ultimate expositors of state law in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Here, the Michigan courts found there were not facts offered into evidence to establish that the victim's death was accidental, i.e., that petitioner failed to realize multiple beatings and exposure to freezing temperatures could cause great bodily harm to the victim. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. As the Sixth Circuit observed in *Roddy v. Black*, 516 F.2d 1380, 1383 (6th Cir. 1975):

> The Great Writ is not an instrument which the federal courts may employ at will to reverse state criminal convictions. Rather it is the means by which federal courts may undo "restraints contrary to our fundamental law, the Constitution."

*Roddy*, 516 F.2d at 1383, *quoting Fay v. Noia*, 372 U.S. 391, 409 (1963). Aside from the lack of evidence suggesting petitioner's actions concerning the victim were in any way "accidental" in nature, to grant the relief sought by petitioner, that is, to require the additional instruction, would be tantamount to this court overruling the ultimate expositors of state law. Accordingly, petitioner's claim should be denied as not cognizable on federal habeas review.

### IV.     Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED**.

Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  August 1, 2012                          /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).